IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WALLACE H. WILLIAMS, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT AND JURY DEMAND |
| | ) | |
| EAT OUT NOW, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff and for his cause of action against the Defendant, alleges and states as follows:

I.

The Plaintiff is a citizen and resident of Omaha, Douglas County, Nebraska.

II.

The Defendant Eat Out Now, Inc. is a Nebraska corporation which at all material times has maintained its principal place of business in Douglas County, Nebraska.

III.

At all times material hereto the Defendant has been an employer of the Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

FIRST CLAIM FOR RELIEF

IV.

This action arises out of the Plaintiff's claim for overtime compensation pursuant to 29 U.S.C. §§207 and 216. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216, for redress of violations of the Fair Labor Standards Act.

V.

On approximately January 26 of 2009, the Plaintiff was hired by the Defendant as a maintenance worker for Defendant's various Popeyes' franchises in Council Bluffs, Iowa, Omaha, Nebraska and Lincoln, Nebraska. At the time Plaintiff was hired, he was told by Defendant that he would be paid $50,000.00 per year for his services.

VI.

Plaintiff's role as a maintenance employee involved repairing equipment inside and outside of the Defendant's Popeyes' franchises. Among other things, the Plaintiff maintained and fixed refrigerators, drive through windows, and toilets for the Defendant's stores. During his time with the Defendant, Plaintiff worked by himself, did not supervise other employees, and had no authority to hire or fire employees. All of Plaintiff's work was manual labor. Plaintiff's employment with the Defendant ended on or about October 29, 2010.

VII.

The position held by the Plaintiff was covered by the maximum hours provisions of the Fair Labor Standards Act, 29 U.S.C. §207. From the time he began employment with the Defendant until approximately October 29, 2010, the Plaintiff was regularly required to work 50-60 hours per week. In addition, the Plaintiff was on-call 24 hours a day, seven days a week. During the time he was employed by the Defendant, the Plaintiff was not paid overtime for hours worked in excess of 40 hours each week.

VIII.

The failure of the Defendant to pay overtime compensation to the Plaintiff is a violation of 29 U.S.C. §207, for which the Defendant is liable to the Plaintiff in the amount of one and

one-half times the Plaintiff's normal hourly rate for all hours worked by the Plaintiff each week in excess of 40 hours, plus an equal amount as liquidated damages.

IX.

The failure of the Defendant to pay to the Plaintiff the overtime compensation owed to the Plaintiff was willful within the meaning of 29 U.S.C. §255, entitling the Plaintiff to liquidated damages.

X.

Pursuant to the provisions of 29 U.S.C. §216(b) the Plaintiff is entitled to a reasonable fee for the services of his attorney in this action.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, for all unpaid overtime compensation due in an amount to be proved at trial, for liquidated damages, pre-judgment interest, the costs of this action and a reasonable attorney's fee.

### SECOND CLAIM FOR RELIEF

XI.

The Plaintiff reasserts as if fully set forth herein all of the allegations of paragraphs I through X, above.

XII.

The Court has jurisdiction of this claim pursuant to the supplemental jurisdiction of the Court, 28 U.S.C. §1367(a).

XIII.

For the period of time he was employed by the Defendant, the Plaintiff was entitled to two weeks' paid vacation. During his employment, the Plaintiff was not permitted to take his vacation, and upon termination of his employment, Plaintiff was not paid for his accrued vacation.

XIV.

The accrued vacation pay owed to Plaintiff constitutes wages within the meaning of the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §48-1228 et seq. The Defendant is therefore liable to the Plaintiff for the dollar value of such wages.

XV.

The Defendant's failure to pay the Plaintiff the vacation pay owed to him was willful, and this Court should enter an Order requiring the Defendant to pay twice the value of such benefit to the common school fund of the State of Nebraska, pursuant to Neb. Rev. Stat. §48-1232.

XVI.

It has been necessary for the Plaintiff to utilize the services of counsel to prosecute this claim, the Plaintiff is entitled to an attorney's fee of at least 25% of the unpaid vacation pay pursuant to Neb. Rev. Stat. §48-1231.

WHEREFORE, Plaintiff prays for judgment against the Defendant for the value of all accrued unpaid vacation pay, for attorney's fees, costs, prejudgment interest, and an order requiring the Defendant to pay twice the amount of the unpaid vacation pay to the common school fund of Nebraska, and for such other relief as is appropriate.

WALLACE H. WILLIAMS, Plaintiff

BY: _____
Thomas F. Hoarty, Jr.   #11863
BYAM & HOARTY
8990 West Dodge Road
Suite 317
Omaha, NE 68114
(402) 397-0303

STATE OF NEBRASKA )
                    ) SS
COUNTY OF DOUGLAS )

    WALLACE H. WILLIAMS, being first duly sworn on oath, states that he has read the foregoing Complaint, and that the allegations are true to the best of his knowledge and belief.

                                                   _/s/ Wallace H. Williams_
                                                   Wallace H. Williams

    SUBSCRIBED and sworn to before me this 25 day of January, 2011.

GENERAL NOTARY - State of Nebraska
ROBIN J. PLAGGE
My Comm. Exp. Nov. 30, 2011

                                                   _/s/ Robin J. Plagge_
                                                   Notary Public

## JURY DEMAND

The Plaintiff hereby requests a trial by jury at Omaha, Nebraska.

                                                   _[signature]_